Jose ROE, a minor, by Mauricio Rodriguez BORREGO, his guardian ad litem; Mauricio Rodriguez Borrego, guardian Ad Litem for Jose Roe, a minor, Plaintiffs–Appellees,

v.

Thomas F. WHITE, Defendant–Appellant,

and

Nathan Lovaas; Gerald Rolph; Arthur J. Collingsworth, Defendants.

No. 05–17398.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed May 23, 2007.

David K. Replogle, Esq., Law Office of David Replogle, APC A Professional Cor-

poration, San Francisco, CA, for Plaintiffs–Appellees.

Geoffrey Rotwein, Esq., San Francisco, CA, for Defendant–Appellant.

William S. Berland, Ferguson & Berland, Berkeley, CA, Gregory F. Wilson, Esq., Wilson & Quint LLP, Gilbert Eisenberg, Esq., San Francisco, CA, for Defendants.

Before: KLEINFELD and THOMAS, Circuit Judges, and LARSON *, District Judge.

MEMORANDUM **

Thomas F. White appeals the district court's denial of his motion for a continuance and its order enforcing the terms of the settlement agreement. We affirm. Because the parties are familiar with the history of this case, we will not recount it here.

I

The district court did not abuse its discretion in denying a continuance. *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1102 (9th Cir.1998) (stating standard of review). To decide whether the district court abused its discretion in denying a continuance, we consider four factors: (1) the diligence of the moving party; (2) the potential usefulness of a continuance; (3) any inconvenience to the court or other parties; and (4) any prejudice wrought by the denial. *See United States v. 2.61*

---

* The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Acres of Land, More or Less,* 791 F.2d 666, 670 (9th Cir.1986).

Here, White's substitution of allegedly unprepared new counsel on the morning of the hearing without explanation was less than diligent. Further, because he had ample opportunity to raise his objections both before and after August 29, he suffered no prejudice. Under our very deferential standard of review, with at least two of the four factors weighing against White, we conclude that the district court did not abuse its discretion in denying a continuance.

## II

The district court did not abuse its discretion in approving the settlement and ordering White to submit his payment to the clerk of court. *See Kirkland v. Legion Ins. Co.,* 343 F.3d 1135, 1140 (9th Cir.2003) (reciting standard of review).

## III

Questions about the propriety of the fee award and the role of the guardian ad litem are important, but premature. Under the terms of the settlement agreement, the funds are to be paid to the Clerk of Court. Before disbursing the funds to the plaintiffs and/or their counsel, the district court shall consider carefully any arguments to be made about the fund distribution arrangements, the request for attorneys fees, and the role of the guardian ad litem. We are confident that the district court will independently review all of these matters anew guided by ethical and legal restraints and the best interests of the children. Any new disputes arising from subsequent district court orders may be raised in a new appeal after the entry of judgment.

White's remaining arguments on appeal are without merit.

**AFFIRMED.**